CARLIE CHRISTENSEN, United States Attorney (#633)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
TYLER MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
185 South State Street, #300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

**SEALED**

FILED
U.S. DISTRICT COURT

2015 APR 29 ⊃ 4: 00

DISTRICT OF UTAH

BY:_____
　　　DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | VIOL. 21 U.S.C. § 841(a)(1) and § 846 |
| vs. | Conspiracy to Distribute Synthetic Cannabinoids |
| ISSA HAIG BABIKYAN, | |
| MICHAEL SULIMAN HAIG BABIKYAN, | Possession of XLR-11 with Intent to Distribute |
| FAHAD ALI KHALIL, | |
| AMMAR IBRAHIM ALOBAIDI, | |
| YASER SAEED MAJEED AL-NAJJAR, | 18 U.S.C. § 1956(h) |
| JOSEPH LARA PAEZ, | |
| TIFFANY NICOLE VELO, | Conspiracy to Commit Money Laundering |
| and HANAN SAEED, | |
| Defendants. | Case: 2:15cr00229<br>Assigned To : Nuffer, David<br>Assign. Date : 4/29/2015<br>Description: USA v. |

The Grand Jury Charges:

## COUNT 1

[21 U.S.C. § 841(a)(1) and § 846]

On a date unknown, but at least by January 31, 2015, and continuing through April 29, 2015, in the

Central Division of the District of Utah and elsewhere,

i

ISSA HAIG BABIKYAN,
MICHAEL SULIMAN HAIG BABIKYAN,
FAHAD ALI KHALIL,
AMMAR IBRAHIM ALOBAIDI,
YASER SAEED MAJEED AL-NAJJAR,
JOSEPH LARA PAEZ,
and TIFFANY NICOLE VELO,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C § 841(a)(1) and 21 U.S.C. § 846, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 2

[21 U.S.C. § 841(a)(1)]

On or about January 31, 2015, in the Central Division of the District of Utah,

ISSA HAIG BABIKYAN,
MICHAEL SULIMAN HAIG BABIKYAN,
and FAHAD ALI KHALIL,

the named defendants herein, did knowingly and intentionally attempt to possess with intent to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 3

[21 U.S.C. § 841(a)(1)]

On or about March 7, 2015, in the Central Division of the District of Utah,

2

ISSA HAIG BABIKYAN,
MICHAEL SULIMAN HAIG BABIKYAN,
FAHAD ALI KHALIL,
and YASER SAEED MAJEED AL-NAJJAR,

the named defendants herein, did knowingly and intentionally possess with intent to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT 4

[21 U.S.C. § 841(a)(1)]

On or about March 9, 2015, in the Central Division of the District of Utah,

FAHAD ALI KHALIL,
and AMMAR IBRAHIM ALOBAIDI,

the named defendants herein, did knowingly and intentionally possess with intent to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT 5

[21 U.S.C. § 841(a)(1)]

On or about March 9, 2015, in the Central Division of the District of Utah,

ISSA BABIKYAN,
and FAHAD ALI KHALIL,

the named defendants herein, did knowingly and intentionally possess with intent to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance,

within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT 6

[21 U.S.C. § 841(a)(1)]

On or about March 26, 2015, in the Central Division of the District of Utah,

FAHAD ALI KHALIL,
and AMMAR IBRAHIM ALOBAIDI,

the named defendants herein, did knowingly and intentionally possess with intent to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT 7

[21 U.S.C. § 841(a)(1)]

On or about April 7, 2015, in the Central Division of the District of Utah,

FAHAD ALI KHALIL,
and AMMAR IBRAHIM ALOBAIDI,

the named defendants herein, did knowingly and intentionally possess with intent to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

//

//

## COUNT 8

[21 U.S.C. § 841(a)(1)]

On or about April 9-10, 2015, in the Central Division of the District of Utah,

ISSA HAIG BABIKYAN,
MICHAEL SULIMAN HAIG BABIKYAN
FAHAD ALI KHALIL,
JOSEPH LARA PAEZ,
and TIFFANY NICOLE VELO,

the named defendants herein, did knowingly and intentionally possess with intent to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 9

[21 U.S.C. § 841(a)(1)]

On or about April 13, 2015, in the Central Division of the District of Utah,

ISSA HAIG BABIKYAN,
MICHAEL SULIMAN HAIG BABIKYAN,
FAHAD ALI KHALIL,
and YASER SAEED MAJEED AL-NAJJAR,

the named defendants herein, did knowingly and intentionally possess with intent to distribute XLR-11, a synthetic cannabinoid commonly known as "spice", a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, in violation of 21 U.S.C.§ 841(a)(1) and 18 U.S.C.§ 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

//

//

//

## COUNT 10

[18 U.S.C. § 1956(h)]

1.  The allegations in Counts 1 through 9 of this Indictment are incorporated by reference herein.

2.  From on or about March 2, 2015, the exact date being unknown to the United States, and through the date of this Indictment, both dates being approximate and inclusive, in the Central Division of the District of Utah and elsewhere,

FAHAD ALI KHALIL
and HANAN SAEED

the named defendants herein, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, distribution of a controlled substance in violation of 21 U.S.C. § 841; conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846; knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18, U.S.C. § 1956(a)(1)(B)(i).

## Manner and Means

3.  The manner and means of carrying out the conspiracy included, among others, the following:

  (a) Delivery of proceeds from the sale of a controlled substance to Saeed;

  (b) Use of a safety deposit box at a financial institution, held in Saeed's name, to store proceeds from the sale of controlled substances;

  (c) Requests by Khalil to Saeed to withdraw proceeds from the safety deposit box;

  (d) Withdrawal of proceeds from the safety deposit box by Saeed and delivery for use by Khalil.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 21 U.S.C. §§ 853, upon conviction of an offense in violation of 21 U.S.C. §§ 841, or 846, as set forth in this indictment, the Defendants shall forfeit to the united States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation(s). The property to be forfeited includes, but is not limited to, the following:

//

//

//

//

//

//

- A money judgment in the amount of the proceeds arising from the offense;
- A 2008 **Mercedes Benz S, VIN No. WDDNG71X78A160362**
- A 2014 **Ford F-150 Raptor Truck, VIN No. 1FTFW1R66EFA37029**
- All funds located in Safe Deposit Box #33, to include all safety deposit boxes associated with #33, located at America First Credit Union, 3190 S. Richmond Street, Salt Lake City, Utah

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956, as set forth in this indictment, the Defendants shall forfeit to the United States any property, real or personal involved in such offense, or any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A money judgment representing the amount involved in the offense;
- All funds located in Safe Deposit Box #33, to include all safety deposit boxes associated with #33, located at America First Credit Union, 3190 S. Richmond Street, Salt Lake City, Utah

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 18 U.S.C. §§ 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

/S/

FOREPERSON OF THE GRAND JURY

CARLIE CHRISTENSEN
United States Attorney

VERNON STEJSKAL
Assistant United States Attorney